## N. Y. COMMON PLEAS.

### JOHN HICKEY, plaintiff, agt. JOSEPH SCHWAB and others, defendants.

*Mechanics' lien—Law of* 1880, *not applicable to New York city—Chapter* 379 *of the Laws of* 1876, *the only lien law applicable to New York city.*

The mechanics' lien law of 1880, applicable to all of the cities of the state of New York, except the city of Buffalo, does not apply to the city of New York, and the local act of 1875 (*chap.* 379 *of the Laws of* 1875), is the only lien law applicable to said city of New York.

Where a general law is passed which, but for the existence of a local act, would be held to apply to the city of New York, it will not, in the absence of express intention to repeal the local act, be held applicable to that locality.

*Held,* that a mechanics' lien filed for work performed on property in the city of New York, in accordance with the act of 1880, does not create a lien.

*Special Term, September,* 1882.

*Sidney H. Stuart,* for plaintiff.

*Samuel Utermeyer,* for defendant.

Hickey agt. Schwab.

Van Hoesen, *J.*— It is conceded that under the act of 1875, the notice of claim is fatally defective, but it is asserted that though bad under the act of 1875, it is good under the act of 1880. The question, therefore, is directly presented : Is the act of 1880 in force in the city and county of New York ?

It is useless for me to discuss the matter, for the decision of the general term, in *McKenna* agt. *Edmonstone*, is, as I understand it, directly in point. That decision holds that the law of 1875 is still in force in New York; and if it be so, it must be because the act of 1880 was not intended to apply to this city.

The act of 1880 is obviously designed to provide a system complete in itself, and to repeal all former statutes relating to mechanics' liens in those localities in which it was intended that two systems, absolutely inconsistent with each other, should be in force in one place at the same time. But that would be the effect of holding that the act of 1880 and the act of 1875 are both in operation in the city of New York.

If the act of 1875 is in force, as the general term have held, the act of 1880 cannot apply to the city of New York. The act of 1875 is, as the general term hold, a local act, applicable to the city of New York alone, and, therefore, was not repealed by the act of 1880, which is a general act, applicable everywhere save those places for which special local laws have been passed. It does not contain any words showing an intention to repeal the special statute that was made for the city of New York.

The complaint must be dismissed, with costs.